PABLO CALCERRADA, demandante y apelante, *v.* THE AMERICAN RAILROAD COMPANY, demandada y apelada.

No. 4254.—*Visto:* Mayo 9, 1927.  *Resuelto:* Mayo 10, 1927.

1. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—ESPECIFICACIÓN DE LA SENTENCIA CONTRA LA CUAL SE APELA.—En los escritos de apelación deben especificarse la resolución o sentencia apelada, especialmente cuando existe más de una.

2. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—

CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—ESPECIFICACIÓN DE LA SENTENCIA CONTRA LA CUAL SE APELA.—Cuando existiendo más de una sentencia, el escrito de apelación no especifica aquella contra la cual se apela, pero contiene datos bastantes para conocer cuál es la sentencia apelada, no procede desestimar la apelación interpuesta.

3. APELACIÓN Y ERROR—REQUISITOS Y REQUERIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—DILIGENCIA DE NOTIFICACIÓN — SU SUFICIENCIA—PERSONA QUE VERIFICA LA NOTIFICACIÓN.—Cuando de la diligencia de notificación del escrito de apelación aparece que el declarante ''depositó en la oficina de correos'' el pliego, no puede sostenerse que de ella no aparezca la persona que hizo la notificación.

4. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—DILIGENCIA DE NOTIFICACIÓN—SU SUFICIENCA—PAGO DE FRANQUEO.—Cuando de la diligencia de notificación del escrito de apelación aparece que, el que la verificó, depositó en el correo el sobre debidamente franqueado, no cabe sostener que la diligencia no diga que se pagó el franqueo correspondiente.

5. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—DILIGENCIA DE NOTIFICACIÓN—OMISIONES EN LA MISMA—SUBSANACIÓN POR PRUEBA.—La diligencia de notificación del escrito de apelación no es defectuosa porque no diga el sitio de residencia del abogado del apelado, ni aquel al que se remitió el pliego, cuando se prueba suficientemente la residencia de dicho abogado, que a ella se remitió y en ella le fué entregado el pliego.

6. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—DILIGENCIA DE NOTIFICACIÓN—OMISIONES EN LA MISMA—SUBSANACIÓN POR PRUEBA.—Aunque la diligencia de notificación del escrito de apelación no exprese que los abogados de las partes residan en ciudades distintas, tal defecto puede subsanarse por prueba presentada al efecto.

MOCIÓN sobre desestimación de apelación, entablada ésta contra sentencia de *Luis Samalea Iglesias,* J. (Arecibo), en pleito sobre daños y perjuicios. *No ha lugar.*

*E. Martínez Avilés,* abogado del apelante; *M. Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Se nos pide que desestimemos la apelación interpuesta en este pleito por el demandante.

La corte inferior dictó dos sentencias en este caso, una el 27 de mayo de 1925 declarando con lugar una moción de *nonsuit* y sin lugar la demanda, y otra el 17 de marzo de

1927 declarando con lugar la demanda y condenando a la demandada a pagar al demandante cierta cantidad en concepto de daños y perjuicios.

[1, 2] El demandante en escrito de 14 de abril de 1927 dirigido al secretario y al abogado de la demandada les notificó que no estando conforme con la sentencia en cuanto a la cuantía concedida apelaba de ella en cuanto a ese extremo.  Y el primer motivo alegado por la apelada para solicitar la desestimación de la apelación se funda en que en ese escrito no se especifica ni se determina de cuál de las dos sentencias es que se apela.

Si bien en los escritos de apelación debe especificarse la resolución o sentencia apelada, especialmente cuando existe más de una, sin embargo, opinamos que en este caso el escrito de apelación contiene datos bastantes para conocer cuál es la sentencia apelada, pues habiendo rechazado la primera sentencia totalmente la pretensión del demandante y siendo la de 17 de marzo de 1927 la que manda pagarle cierta cantidad, al decir el escrito de apelación que no está conforme con la cuantía que se le ha concedido, su apelación claramente se refiere a la sentencia de 17 de marzo de 1927.

[3] Para el segundo motivo de desestimación se alegan varios defectos en la diligencia de notificación de la apelación a saber:

(*a*) Por no aparecer de ella, bajo el juramento, la persona que hizo la notificación.

(*b*) Porque no dice que se pagó el franqueo correspondiente.

(*c*) Porque aunque dice que el sobre fué dirigido al abogado Mariano Acosta Velarde, no especifica la ciudad o pueblo en que reside dicho abogado, ni el sitio, ciudad o pueblo adonde se remitió dicho sobre.

(*d*) Porque no expresa que los abogados de las partes residen en ciudades o pueblos distintos.

El apelante se opuso a la moción de desestimación y

con ella acompañó un recibo No. 2036 del administrador de correos en Arecibo, fechado el 14 de abril de 1927, de haberle sido entregado un pliego certificado para Mariano Acosta Velarde en San Juan, y una tarjeta No. 2036, fechada dos días después en San Juan, de haber recibido Mariano Acosta Velarde dicho pliego certificado. También presentó el apelante copia del escrito de la apelación establecida en este caso por la demandada, suscrito en San Juan para Arecibo por el abogado Mariano Acosta Velarde.

La diligencia de notificación del escrito de apelación del demandante dice así:

"Yo, E. Martínez Avilés, bajo juramento declaro: Que con esta misma fecha y bajo sobre debidamente franqueado y certificado he depositado en la oficina de correos de Arecibo un sobre conteniendo una copia fiel y exacta del precedente escrito de apelación dirigido al Lcdo. Mariano Acosta Velarde, que es el abogado de la demandada tal como se desprende del récord y que entre esta ciudad y la de San Juan, P. R., existe un servicio regular y diario de correspondencia por correo.—Arecibo, P. R., abril 14 de 1927.—(firmado) E. Martínez Avilés."

Según esa diligencia, después del juramento prestado por E. Martínez Avilés, declara "he depositado en la oficina de correos" apareciendo así que fué E. Martínez Avilés quien depositó el pliego en el correo, por lo que no existe el defecto señalado con la letra (a).

[4] Dice también que depositó en el correo el sobre debidamente franqueado y por tanto no es sostenible el defecto (b) en el que se dice que no fué pagado el franqueo.

[5] En cuanto al defecto (c) tampoco puede sostenerse, pues si bien no se dice en la expresada diligencia la ciudad o pueblo en donde reside el abogado Mariano Acosta Velarde, ni el sitio, ciudad o pueblo donde se remitió el pliego, sin embargo, el apelante nos ha probado suficientemente que dicho abogado reside en San Juan, que a esta ciudad fué remitido el pliego desde Arecibo y que le fué entregado.

[6] Por último, aunque no se expresa que los abogados

de las partes residan en ciudades o pueblos distintos, ya hemos dicho que esto nos ha sido probado.

Cumplidos, pues, substancialmente, los requisitos exigidos por los artículos 321 y 322 del Código de Enjuiciamiento Civil, *no ha lugar a desestimar esta apelación.*